UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RACHEL THERON et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-23-1176-G |
| | ) |
| CANADIAN COUNTY *ex rel.* | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs Rachel Theron and Misty Schweitzer bring employment claims against four defendants: Canadian County *ex rel.* Board of County Commissioners ("the Board"), Judge Bobby Hughey, Melanie Johnson, and Cedric Mills. *See* Second Am. Compl. (Doc. No. 1-7). Now before the Court is a Motion to Dismiss (Doc. No. 9) filed by Defendant Judge Hughey, as well as a Response (Doc. No. 19) and a Reply (Doc. No. 23).

I.   *Summary of the Pleadings*

Plaintiffs allege as follows:

At all relevant times, Plaintiffs were employed by Canadian County, Oklahoma ("the County") and worked at the Gary E. Miller Canadian County Children's Justice Center ("CCCJC"). Second Am. Compl. ¶ 3. Plaintiff Theron was hired as an Accounting Specialist at the CCCJC and began working there in October of 2021. *Id.* ¶ 52. The CCCJC terminated Plaintiff Theron's employment in March of 2022. *Id.* ¶ 118. Plaintiff Schweitzer was employed at the CCCJC as a Human Resource Manager beginning or about

October 12, 2020. *Id.* ¶ 120. Plaintiff Schweitzer was terminated from her position on March 25, 2022. *Id.* ¶ 133.

The CCCJC is a Juvenile Bureau under Oklahoma law and a department under the fiscal umbrella of the County that provides services and programs for children and families. *Id.* ¶¶ 4, 30, 34. Program and statutory authority for the CCCJC falls under the purview of Defendant Canadian County Associate District Judge Bobby Hughey, who acts in a dual capacity: as an employee of the State of Oklahoma in a judicial and administrative capacity and as an actor of the County when acting in an administrative capacity for the CCCJC. *Id.* ¶¶ 5, 32. Defendant Judge Hughey, as Judge of the Juvenile Bureau in Canadian County, is not acting in a judicial capacity when supervising Juvenile Bureau employees. *Id.* ¶ 35.

The Board, comprising three County Commissioners, is the administrative body for the County and is responsible for the management and decisionmaking related to County facilities and employees. *Id.* ¶¶ 18-24. The Board has legal powers when acting in the County's welfare and the official duty to ensure the fiscal responsibility of county officers and employees who handle county funds. *Id.* ¶¶ 25-28.

Defendant Johnson is the current Director at the CCCJC; she was hired and appointed by Defendant Judge Hughey and approved by the County Commissioners. *Id.* ¶¶ 38, 200. The Director is responsible for appointing and removing other employees at the facility. *Id.* ¶¶ 34, 37. Defendant Mills is the Assistant Director. *Id.* ¶ 38. He was approved by Defendant Johnson and the County Commissioners and is supervised by Defendant Johnson. *Id.* ¶ 200.

II.     *Applicable Standards*

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.    *The Motion to Dismiss*

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 against Defendant Judge Hughey, in both his official and individual capacities. *See* Second Am. Compl. ¶¶ 193- 230. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured

3

by the Constitution and laws of the United States" and "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Motion to Dismiss contests Plaintiffs' ability to show that Defendant Judge Hughey "subject[ed]" Plaintiffs, "or cause[d] [Plaintiffs] to be subjected," "to a deprivation of [their] lawful rights." *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (internal quotation marks omitted).

### A. Plaintiffs' Official-Capacity Claims

Defendant Judge Hughey first argues that Plaintiffs' claims against him in his official capacity as a County employee should be dismissed as duplicative of the same claims raised against the Board. *See* Def.'s Mot. to Dismiss at 23-24.

The Supreme Court has explained that "an official-capacity suit is . . . to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Further, "[a] suit brought against a county's board of county commissioners is the way Oklahoma law contemplates suing the county." *Snow v. Bd. of Cnty. Comm'rs of Cnty. of McClain*, No. 14-911-HE, 2014 WL 7335319, at *2 (W.D. Okla. Dec. 19, 2014) (citing Okla. Stat. tit. 19, § 4). And "in the § 1983 context, a suit against the board of county commissioners or some other county official in their official capacity is, in substance, a suit against the county." *Id.* (citing *Porro*, 624 F.3d at 1328). It follows that, Plaintiffs having offered no persuasive distinguishing authority, the official-capacity claims against Defendant Judge Hughey should be dismissed as redundant and duplicative. *See id.*; *Carskadon v. Armor Corr. Health Servs., Inc.*, No. CIV-18-1013-G, 2020 WL 2813526, at *4 (W.D. Okla. May 29, 2020).

Plaintiffs also assert that they seek to hold Defendant Judge Hughey liable as an administrative actor of the State of Oklahoma. *See* Pls.' Resp. at 20-21. It is well established, however, that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And in a suit for damages "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* Plaintiffs therefore may not pursue such claims against Defendant Judge Hughey.

### B. Plaintiffs' Individual-Capacity Claims

Although the pleading cites various constitutional deprivations, Plaintiffs' briefing specifies that they are claiming Defendant Judge Hughey's treatment of them after they spoke out on matters of public concern violated their First Amendment rights. *See* Pls.' Resp. at 14-16; *see also Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006) ("[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern.").

Defendant Judge Hughey argues that he is entitled to qualified immunity on Plaintiffs' First Amendment claims. "Qualified immunity protects officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

5

confronted." *Stewart v. Beach*, 701 F.3d 1322, 1330 (10th Cir. 2012) (internal quotation marks omitted).

While a defendant may assert the defense of qualified immunity in a motion to dismiss, doing so "subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Thomas*, 765 F.3d at 1194 (internal quotation marks omitted). "At [the motion to dismiss] stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis omitted). "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted).

"[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (internal quotation marks omitted). Therefore, when a § 1983 claim is premised upon supervisor liability, the facts must demonstrate an "'affirmative link' between the supervisor and the constitutional violation." *Id.*; *see also Moya v. Garcia*, 895 F.3d 1229, 1233 (10th Cir. 2018) (explaining that the plaintiffs must allege facts showing that the sheriff was "personally involved in the underlying violations through [his] own participation or supervisory control"). Proving such an affirmative link requires "more than a supervisor's mere knowledge of his subordinate's conduct." *Schneider*, 717 F.3d at 767 (internal quotation marks omitted). Generally, the plaintiff must allege facts

establishing: (1) the supervisory defendant's personal involvement in the asserted violation of federal rights; (2) a sufficient causal connection; and (3) a culpable state of mind. *Id.* at 767-69; *see also Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Defendant Judge Hughey disputes the sufficiency of Plaintiffs' pleading as to the first two of these required elements. Having carefully considered the Second Amended Complaint, the Court agrees. While Plaintiffs set forth numerous allegations regarding the statutory responsibilities held by the Judge of the Juvenile Bureau, *see, e.g.*, Second Am. Compl. ¶¶ 32, 34, such allegations do not establish that Defendant Judge Hughey was himself personally involved in any personnel decision or termination directed at Plaintiffs. Rather, these factual assertions plausibly show that Defendant Judge Hughey provided higher-level oversight of the CCCJC, including supervision of the CCCJC Director and submission of an annual budget to the Board. *See, e.g.*, *id.* ¶¶ 34, 36-37, 46. Plaintiffs' bare allegation that "the policy and procedure at the CCCJC is that no employee is hired or fired at the CCCJC without the approval of Judge Hughey" is far from sufficient to allow a reasonable inference that Defendant Judge Hughey was personally involved in any retaliation against Plaintiffs for exercising their First Amendment rights. *Id.* ¶ 42; *see Schneider*, 717 F.3d at 767-68. Nor do the allegations regarding Defendant Judge Hughey's involvement in the financial and budgeting decisions of the facility plausibly reflect that this defendant's actions "caused the constitutional violation." *Schneider*, 717 F.3d at 768.

For these reasons, Plaintiffs have failed to allege facts that make out the violation of a constitutional right by Defendant Judge Hughey and have failed to state a claim under

7

§ 1983 against Defendant Judge Hughey in his individual capacity. Defendant Judge Hughey is entitled to dismissal on the basis of qualified immunity. *See id.* at 767-68; *Keith*, 707 F.3d at 1188.

## CONCLUSION

The Motion to Dismiss (Doc. No. 9) therefore is GRANTED. Plaintiffs' claims against Defendant Judge Bobby Hughey are DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 26th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge